PKC:AG
F.#2007R01082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ISRAEL WEINGARTEN,

Defendant.

- - - - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

(T. 18, U.S.C., §§ 2423(a)(1997), 2423(b) (1997) and 3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE

On or about and between July 30, 1997 and August 19, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ISRAEL WEINGARTEN knowingly and intentionally transported Jane Doe, an individual whose identity is known to the Grand Jury and who had not obtained the age of 18 years, in foreign commerce, to wit: from Bet Shemesh, Israel to Brooklyn, New York, with the intent that Jane Doe engage in sexual activity for which the defendant could be charged with a criminal offense, to wit: Sexual Abuse in the First Degree in violation of New York Penal Law Section 130.65(1) (1997); Sexual Abuse in the Third Degree in violation of New York Penal Law Section 130.55 (1997); and Endangering the

Welfare of a Child in violation of New York Penal Law Section 260.10(1) (1997).

(Title 18, United States Code, Sections 2423(a) (1997) and 3551 et seq.)

COUNT TWO

On or about and between August 19, 1997 and September 12, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ISRAEL WEINGARTEN knowingly and intentionally transported Jane Doe, an individual whose identity is known to the Grand Jury and who had not obtained the age of 18 years, in foreign commerce, to wit: from Brooklyn, New York to Antwerp, Belgium, with the intent that Jane Doe engage in sexual activity for which the defendant could be charged with a criminal offense, to wit: Sodomy in the First Degree in violation of New York Penal Law Section 130.50(1) (1997); Sodomy in the Third Degree in violation of New York Penal Law Section 130.40(2) (1997); Sexual Abuse in the First Degree in violation of New York Penal Law Section 130.65(1) (1997); Sexual Abuse in the Third Degree in violation of New York Penal Law Section 130.55 (1997); Incest in violation of New York Penal Law Section 255.25 (1997); Attempted Sexual Misconduct in violation of New York Penal Law Sections 130.20(1)(1997) and 110.00 (1997); Sexual Misconduct in violation of New York Penal Law Section

130.20(2)(1997); and Endangering the Welfare of a Child in violation of New York Penal Law Section 260.10(1) (1997).

(Title 18, United States Code, Sections 2423(a) (1997) and 3551 et seq.)

COUNT THREE

On or about and between April 14, 1997 and July 30, 1997, both dates being approximate and inclusive, the defendant ISRAEL WEINGARTEN, being a United States citizen, knowingly and intentionally traveled in foreign commerce, to wit: from Antwerp, Belgium to Bet Shemesh, Israel, for the purpose of engaging in a sexual act with Jane Doe, an individual whose identity is known to the Grand Jury and who had not obtained the age of 18 years, to wit: contact between the mouth of Jane Doe and the penis of the defendant; penetration by the defendant of the anal and genital openings of Jane Doe by hand and finger with an intent to arouse and gratify the sexual desire of the defendant; the intentional touching of the genitalia of Jane Doe with intent to arouse and gratify the sexual desire of the defendant, which sexual act would constitute a violation of Title 18, United States Code, Sections 2241(a)(1) & (2) (1997), if the sexual act occurred in the special maritime or territorial jurisdiction of the United States, to wit: Aggravated Sexual Abuse.

(Title 18, United States Code, Sections 2423(b) (1997) and 3551 et seq.)

COUNT FOUR

On or about and between July 30, 1997 and August 19, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ISRAEL WEINGARTEN, being a United States citizen, knowingly and intentionally traveled in foreign commerce, to wit: from Bet Shemesh, Israel to Brooklyn, New York, for the purpose of engaging in a sexual act, for the purpose of engaging in a sexual act with Jane Doe, an individual whose identity is known to the Grand Jury and who had not obtained the age of 18 years, to wit: contact between the mouth of Jane Doe and the penis of the defendant; penetration by the defendant of the anal and genital openings of Jane Doe by hand and finger with an intent to arouse and gratify the sexual desire of the defendant; the intentional touching of the genitalia of Jane Doe with intent to arouse and gratify the sexual desire of the defendant, which sexual act would constitute a violation of Title 18, United States Code, Sections 2241(a)(1) & (2) (1997), if the sexual act occurred in the special maritime or territorial jurisdiction of the United States, to wit: Aggravated Sexual Abuse.

(Title 18, United States Code, Sections 2423(b) (1997) and 3551 et seq.)

COUNT FIVE

On or about and between August 19, 1997 and September 12, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ISRAEL WEINGARTEN, being a United States citizen, knowingly and intentionally traveled in foreign commerce, to wit: from Brooklyn, New York to Antwerp, Belgium, for the purpose of engaging in a sexual act, for the purpose of engaging in a sexual act with Jane Doe, an individual whose identity is known to the Grand Jury and who had not obtained the age of 18 years, to wit: contact between the mouth of Jane Doe and the penis of the defendant; penetration by the defendant of the anal and genital openings of Jane Doe by hand and finger with an intent to arouse and gratify the sexual desire of the defendant; the intentional touching of the genitalia of Jane Doe with intent to arouse and gratify the sexual desire of the defendant, which sexual act would constitute a violation of Title 18, United States Code, Sections 2241(a)(1) & (2) (1997), if the sexual act occurred in

the special maritime or territorial jurisdiction of the United States, to wit: Aggravated Sexual Abuse.

(Title 18, United States Code, Sections 2423(b) (1997) and 3551 et seq.)

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2007R01082
FORM DBD-34
JUN. 85

*No.*

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*ISRAEL WEINGARTEN*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2423(a)(1997), 2423(b) (1997) and 3551 et seq.)

*A true bill.* Richard D Fato [signature]

*Foreman*

*Filed in open court this* ________ *day,*

*of* ________ *A.D. 20* ____

________ *Clerk*

*Bail, $* ________

***Andrea Goldbarg, Assistant U.S. Attorney (718-254-7578)***