

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PC:RJN
F.#2004R01911

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

October 27, 2008

**VIA HAND DELIVERY AND ECF**

Alan Stutman
50 Court Street
Brooklyn, NY 11201
(718) 875-3452

> Re:  United States v. Israel Weingarten
>      Criminal Docket No. 08-571 (JG)

Dear Mr. Stutman:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery with respect to the above-referenced case.  The government also requests reciprocal discovery.

   1.   Statements of the Defendant

The government currently is unaware of any statement made by the defendant that is subject to discovery pursuant to Rule 16(a)(1)(A) or (B).

   2.   Defendant's Criminal History

The government encloses a copy of the defendant's criminal history report.

   3.   Documents and Tangible Objects

The government encloses copies of documents found in the pockets of the defendant's jacket and other articles of his clothing at the time of his arrest.  The defendant was arrested by FBI agents in the early morning hours of October 6, 2008.  At the time of his arrest, the defendant, who was wearing pajamas, requested that the agents retrieve a change of clothing from his closet.  They selected a pair of pants and a jacket closest to the closet door.  In addition, the defendant's daughter provided the arresting agents with additional articles of clothing for the defendant.

Also enclosed is a copy of a death record for the defendant's father.

4. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

5. <u>Brady Material</u>

The government is currently is unaware of any exculpatory material or information within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, but will comply with its ongoing obligation to produce such material and information.

Before trial, the government will furnish information or material regarding payment, promises, immunity, leniency or preferential treatment, if any, given to prospective government witnesses within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may be testifying at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

6. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b) or 413.

<u>The Defendant's Required Disclosure</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental

examinations and of scientific tests or experiments, including fingerprint analyses, made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

  The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

  The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

  Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

  If you have any questions or further requests, please do not hesitate to contact me.

        Very truly yours,

        BENTON J. CAMPBELL
        United States Attorney


      By:   s/
        Rachel J. Nash
        Assistant United States Attorney
        (718) 254-6072

Enclosures
cc: Clerk of the Court (JG)(without enclosures)