

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 26, 2009

**BY FACSIMILE AND ECF**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  United States v. Israel Weingarten
           Criminal Docket No. 08-571 (GJ)

Dear Judge Gleeson:

      During yesterday's status conference, in the context of arguing that his attorneys should be discharged, the defendant stated on the record that his attorneys forced him to file a false affidavit with the Court.[1]  The Court thereafter held a conference at side bar with the defendant and his counsel regarding the discharge issue.  The government, therefore, was not privy to any additional arguments or statements that may have been made regarding the defense counsel's alleged involvement in knowingly filing a false affidavit.

      The government believes, however, that, in light of the defendant's statement on the record that his lawyers made him submit a false affidavit, there is a potential conflict of interest involving one or both of his attorneys, and that this potential conflict could manifest itself in ways that could impair the defendant's and/or the government's ability to try this case.  If the defendant testifies at trial and makes statements contrary to his affidavit, the government would seek to cross-examine him regarding the prior inconsistent statements.  Should the defendant claim, as he did in court yesterday, that the affidavit is false but that he was forced to file it by his attorneys, the attorneys would have a conflict because they would

---

[1]    The government believes that the defendant was referring to his affidavit submitted in support of his motion to dismiss the indictment, filed on December 7, 2008.  See Docket Entry No. 22.  In that affidavit, the defendant set forth exculpatory arguments regarding the charges in this case.

be witnesses.  Conversely, if the defendant does not take the stand, he might later claim that the conflict with his counsel over the allegedly false affidavit precluded him from doing so. At a minimum, testimony by the defendant that the lawyers representing him at the trial knowingly perpetrated a fraud on the Court -- not only calling the attorneys' honesty into question, but implicating them in a crime -- places the defense attorneys in a difficult position in representing the defendant at trial, especially in arguing that the defendant's trial testimony should be believed.

Again, however, since the government did not participate in the Court's colloquy with the defendant and defense counsel at the status conference, we do not know whether the conflict issue was addressed by the Court.  Therefore, the government requests that, if this issue has not been raised or addressed, the Court hold a <u>Curcio</u> hearing.

While the government is loathe to raise an issue that may impact the trial date, we feel that this issue is sufficiently significant that it must be addressed prior to trial.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By:     /s/
Andrea Goldbarg
Assistant U.S. Attorney
(718) 254-7578

cc:  (Via facsimile and ECF)
     Barry Rhodes, Esq.
     Alan Stutman, Esq.